IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM J. STAFFORD,<br><br>              Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY<br>CORRECTIONAL CENTER,<br><br>              Defendant. | 8:22CV60<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that on September 24, 2020, while being booked into the Douglas County Correctional Center, he got into an argument with a correctional officer. Several other officers came into the room and slammed Plaintiff against the wall. When Plaintiff told them his right leg had recently been broken and he'd just had the immobilizer removed, one of the officers came up behind him, grabbed the leg, bent it up to his back, and began wrenching it back and forth, and saying, "Does your leg hurt now?" Plaintiff seeks to recover damages from Douglas County for physical injury and mental anguish.

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The court assumes Plaintiff was a pretrial detainee at the time of the incident, in which case he is asserting a claim under the Due Process Clause of the Fourteenth Amendment. But if Plaintiff was a convicted prisoner, his claim instead would arise under the Eighth Amendment's Cruel and Unusual Punishments Clause.

The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). In other words, the Constitution shields pretrial detainees not just from "cruel and unusual punishments," U.S. Const. amend. VIII, but from *any* punishment whatsoever. *Id.*; *see City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Bell*, 441 U.S. at 535 n. 16.

Excessive force claims of pretrial detainees are analyzed under an objective reasonableness standard. *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (quoting *Bell*, 441 U.S. at 520). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (quoting *Kingsley*, 576 U.S. at 397).

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment[s] Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)).

Although the facts alleged in Plaintiff's Complaint would state a plausible claim for relief under either of these "excessive force" standards against the officer who is alleged to have injured Plaintiff's leg, he or she is not named as a defendant, either personally or in his or her official capacity.[1] Instead, Plaintiff lists Douglas

---

[1] The officer who allegedly injured Plaintiff's leg is not identified by name, but is only described as "the large blonde haired C/O." The other officers are not named or described. "It is generally impermissible to name fictitious parties as

3

County as Defendant in the Complaint's caption, and Douglas County Correctional Center (DCCC) in the body of the Complaint.

Plaintiff fails to state a claim against the DCCC because it is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit.").

Douglas County is a legal entity amenable to suit, but a county may only be liable under section 1983 if the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).[2]

---

defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible)). Also, to state an actionable § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Iqbal*, 556 U.S. at 676 (because there is no vicarious liability in § 1983 actions, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *see also Robinson v. Payton*, 791 F.3d 824, 829 (8th Cir. 2015) (an officer may be liable if he or she does not intervene to prevent the use of excessive force when "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.") (quoting *Nance v. Sammis,* 586 F.3d 604, 612 (8th Cir. 2009).

[2] "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "[A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional

4

Plaintiff's Complaint fails to allege that any actions were taken pursuant to a policy or custom of Douglas County.[3]

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 1915(e)(2)(B)(ii). On the court's own motion, however, Plaintiff will be granted leave to amend within 30 days.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

---

misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

[3] "Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) if he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 18, 2022**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 18th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge