IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM J. STAFFORD,<br><br>                Plaintiff,<br><br>    vs.<br><br>DOUGLAS COUNTY<br>CORRECTIONAL CENTER,<br><br>                Defendant. | 8:22CV60<br><br><br>**MEMORANDUM<br>AND ORDER** |

    Plaintiff has filed a motion requesting the appointment of counsel and an extension of time to file an amended complaint (Filing 13). The court will not appoint counsel at this time but will grant a 30-day extension of time.

    "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Pignotti*, 859 Fed. App'x 3, 2021 WL 2285235, at *1 (8th Cir. June 4, 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

    This is not a complex case, either legally or factually. Plaintiff's pleading is coherent and shows he has a basic understanding of applicable law and procedure. The court's order on initial review of Plaintiff's complaint explained in detail what Plaintiff needs to allege to state an actionable claim for relief. Although Plaintiff is in residential treatment, there is no indication he is unable to investigate facts or present his claims. This case is still at the pleading stage, so there has been no discovery and no need for testimony.

Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion. However, Plaintiff will be given additional time to plead.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to appoint counsel and for extension of time (Filing 13) is granted in part and denied in part, as follows:

   a. Plaintiff's request to appoint counsel is denied without prejudice to reassertion; and

   b. Plaintiff shall have an additional 30 days, until May 18, 2022, to file an amended complaint in accordance with the court's Memorandum and Order entered on March 18, 2022 (Filing 12).

2. The Clerk of the Court is directed to reset the pro se case management deadline using the following text: **May18, 2022**—amended complaint due.

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 29th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge